THE GREGORY GROCER COMPANY v. YOUNG & CONBOY.

FAILING DEBTORS—*Preference of Creditors*—*Attachment, Dissolved.* Failing debtors gave preference to several of their creditors over others, by executing mortgages upon their property to satisfy what were shown to be *bona fide* debts. An unsecured creditor caused an attachment to be levied upon some of the property, upon the alleged grounds that the debtors had and were about to dispose of their property for the purpose of defrauding, hindering and delaying their creditors. The district court, upon a hearing, dissolved the attachment, and it is *held*, upon a review of the testimony, that the ruling of the court was not erroneous.

*Error from Johnson District Court.*

ACTION by the *Gregory Grocer Company* against *Young & Conboy.* An attachment obtained by the plaintiff company was dissolved, and it brings the case to this court. The opinion states the facts.

*I. O. Pickering,* and *Van Syckle & Littick,* for plaintiff in error:

The question to be determined is: May debtors engage in a general merchandising business, being in debt to various persons and insolvent, give valid mortgages on their whole stock to certain creditors, with the distinct understanding and agreement that they were to continue business as before, and be furnished with goods by the mortgagees from time to time as needed? That they may not, and that the execution of

such a mortgage with such an agreement is void and will sustain an attachment, see *Leser v. Glaser*, 32 Kas. 546; *Winstead v. Hulme*, 32 id. 568; *Marbourg v. Manufacturing Co.*, 32 id. 629; *Implement Co. v. Schultz*, 45 id. 52; *Brown v. Barber*, 47 id. 527; *Rathbun v. Berry*, 49 id. 735, 736; *Sauer v. Behr*, 49 Mo. App. 86; *Cole Mfg. Co. v. Jenkins*, 47 id. 664; *Chapin v. Jenkins*, 50 Kas. 385; *National Bank v. Gerson*, 50 id. 589.

*S. A. Scott* and *A. Smith Devenney*, for defendants in error :

If there is any question settled in this state, it is that a failing debtor may secure one *bona fide* creditor by mortgage upon all his estate to the exclusion of another creditor, although the giving of such security may hinder and delay the excluded creditor in the collection of his claim, and the act of the former cannot be charged as a fraud in so doing. The doctrine may be said to have become elementary in this state. The rule of law has been embalmed. However, see *Tootle v. Coldwell*, 30 Kas. 125; *Bailey v. Manufacturing Co.*, 32 id. 73; *National Bank v. Ridenour*, 46 id. 718; *Hardware Co. v. Implement Co.*, 47 id. 428; *Deford v. Nye*, 40 id. 665.

An honest intent or purpose on part of both Young and Conboy upon the one hand, and Goebel on the other hand, must be presumed by the court, in the absence of proof of fraud or of bad faith. *Stevens's Case*, 44 N. W. Rep. 645; *Osborne v. Woodford*, 31 Kas. 293–298; *Baughman v. Penn*, 33 id. 504, 505. See, also, *Miller v. Manufacturing Co.*, 35 Pac. Rep. (Kas.) 799.

The opinion of the court was delivered by

JOHNSTON, J.: Young & Conboy, retail merchants at Stillwell, became financially embarrassed, and, being pressed by creditors, secured a number of them by the execution of chattel mortgages on their stock of goods, and another was secured by a mortgage upon real estate. On January 13, 1890, the failing firm mortgaged its stock of goods to secure a debt of $1,032, which it owed to the W. B. Grimes Dry Goods Com-

pany, and four days later it secured the claims of three other creditors, amounting to $1,269.30, by a mortgage upon the stock of goods, and, with the consent of the mortgagors, J. W. Crosswhite was put in charge of the mortgaged property as the agent of the mortgagees. On January 20, 1890, the store building and the lots were mortgaged by Young & Conboy to another creditor to secure a claim of $300. On January 17, 1890, the Gregory Grocer Company applied to the failing firm to have its debt, which amounted to $444.97, protected, and to be put upon an equality with the secured creditors; but this request was denied, although there is testimony that Young & Conboy offered to secure the grocer company by a mortgage upon the store building and lots, which were afterward mortgaged to another creditor; but this security was declined, and the grocer company brought an attachment proceeding and caused a levy to be made on real estate subsequently mortgaged to another creditor.

The grounds for attachment were, that the defendants had or were about to dispose of their property with the purpose of defrauding, hindering and delaying their creditors. Upon motion by the defendants, the court, after hearing the evidence, dissolved the attachment, and from an examination of the evidence we think it is sufficient to sustain the ruling. It is conceded that the defendants were justly indebted to the creditors to the full amount of the claims which were secured; and it further appears, that the mortgagees have been in possession of the property, by their agent, since the execution of the mortgage, on January 17, 1890. There is little testimony tending to show bad faith on the part of the mortgagors, or that the mortgages to their creditors were given with the fraudulent purpose of delaying and defrauding the plaintiff, or any other creditor. The failing firm may have made promises to the plaintiff which were broken, and may not have dealt frankly with it in communications which were had about the time the mortgages were given, but the fact, if it be one, that they did not desire to secure the plaintiff's claim, does not impeach the good faith of the transaction, nor afford

grounds for attachment. The right of failing debtors to give preference to one or more creditors, by payment or security, has been settled in a long series of decisions, and the fact that such preference may operate prejudicially to other creditors, and to some extent hinder them in the collection of their debts, is not a sufficient ground to sustain an attachment. (*Miller v. Manufacturing Co.*, ante, p. 75.)

Plaintiff claims that the mortgage to the W. B. Grimes Dry Goods Company was made with the understanding that Young & Conboy were to continue in business the same as before, and to be supplied with goods from time to time by the mortgagees, and testimony that a statement of this kind was made by one of the firm was before the court. This was met, however, by the testimony of Young & Conboy, that they had no interest in the mortgaged property, or proceeds of the sale thereof, other than as mortgagors, and that, while they were temporarily assisting the mortgagees in possession in disposing of the goods and in collecting the book accounts, the proceeds of the sales and collections were to be applied, and were being applied, to the payment of the several mortgages in their order, and that all this was being done in good faith. The fact that the mortgagee may allow the mortgagor to retain the possession of the property will not avoid the mortgage, where the mortgage has been made in good faith, and where the proceeds of the sale or sales are to be used only for the purpose of paying the mortgagors' debts and the necessary expenses of keeping the property and converting the same into money. (*Leser v. Glaser*, 32 Kas. 553.)

In opposition to the claim of a purpose to delay and defraud the plaintiff, there is the testimony of Young & Conboy that they offered plaintiff security on unincumbered property sufficient to have paid their debt before the attachment proceedings were begun. A recital of the testimony would be unprofitable; but an examination of the whole of it fails to satisfy us that ruling of the court was erroneous. Its order and judgment will be affirmed.

All the Justices concurring.